UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION


ESSEX INSURANCE COMPANY,
a Foreign corporation,

              Plaintiff,

v.                                                       CASE NO.:


GGM GROUP, INC. d/b/a TAQUERIA EL
MEXICANO and FREDERICK HEIDGERD,
as Personal Representative of the Estate
of NIEVES SAUCEDO,

              Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ESSEX INSURANCE COMPANY, a Foreign Corporation, (hereinafter referred to as "ESSEX") files this Complaint for Declaratory Relief against Defendants, GGM GROUP, INC. d/b/a TAQUERIA EL MEXICANO (hereinafter referred to as "GGM") and FREDERICK HEIDGERD, as Personal Representative of the Estate of NIEVES SAUCEDO (hereinafter referred to as "SAUCEDO") in accordance with Rule 57 of the Federal Rules of Civil Procedure, and states as follows:

### JURISDICTION

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202 for the purpose of determining a question of actual controversy between the parties.

2.      The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  This Court has jurisdiction by virtue of 28 U.S.C. § 1332 in that the

Case No.

matter is between citizens of the different states.

## VENUE

3.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 (a) (2) because a substantial part of the events and alleged omissions giving rise to any claims occurred within the District.

## PARTIES

4.     Plaintiff, ESSEX, is a Delaware corporation with its principal place of business in Glen Allen, State of Virginia.

5.     Defendant, GGM, was at all times material to this complaint, a Florida for-profit corporation with its principal place of business in Miami-Dade County, Florida. Furthermore, GGM was the named insured under the terms of an insurance policy issued by ESSEX.

6.     NIEVES SAUCEDO, now deceased, was a resident of Miami-Dade County, Florida on August 30, 2009, and alleges to have been attacked in Miami-Dade County, Florida on that date.

7.     Defendant, SAUCEDO, filed a complaint in Miami-Dade County, Florida as Personal Representative under Case No.: 2011-01535-CA-30 on January 18, 2011. SAUCEDO amended his complaint on March 16, 2011.

8.     SAUCEDO is claiming wrongful death damages against GGM.

9.     ESSEX issued an insurance policy to GGM, same being delivered in Miami-Dade County, Florida.

## COUNT I - DECLARATORY RELIEF AGAINST DEFENDANTS

10.     ESSEX entered into a contract of insurance with GGM under policy

Case No.

number 3CZ5484 (the "Policy"). The Policy has a $500,000 Each Occurrence limit and a

General Aggregate limit of $500,000. The main coverage form is CG 00 01 (10-01). The

Policy contains, *inter alia*, endorsements M/E-189 (09/07) (the "Restaurant, Bar..."

endorsement) and ME-001 (09/07) (the "Combination General Endorsement"). A copy

of the Policy is attached hereto as **Exhibit A.**

     11.    The Policy contains the following relevant provisions:

**M/E – 189 (09/07) Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement**

*****

**THIS ENDORSEMENT CHANGES THE POLICY.**

The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage arising out of:

IV.   Assault and/ or Battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or an other person. Furthermore, assault and/ or battery includes "bodily injury" resulting from the use of reasonabl force to protect persons or property. The sentence"This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property"is deleted from the Commercial Gener: Liability Coverage Form, Section I, Item 2., Exclusions, a.

*****

**ME-001 (09/07) Combination General Endorsement**

**THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM
OR COVERAGE PART (hereinafter referred to as Coverage Form), AND APPLIES TO THE ENTIRE POLICY.**

VI.  Professional Liability, Errors, Omission, Negligent Acts, Malpractice and/ or acts of any type including rendering or failure to render any type professional service is not covered under this policy, unless such coverage is specifically endorsed onto the policy.

*****

VII. This insurance does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury' or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused or contributed to by:

C.   alleged negligence or other wrongdoing in the hiring, training, placement, supervision, or monitoring of others by Insured; or

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 750 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

F.   criminal, fraudulent, dishonest or malicious acts or omissions from any insured, any employee of any insured or anyone for whom you may be held liable; or

**VIII. Where there is no coverage under this policy, there is no duty to defend.**

12.   This Declaratory Relief action arises out of certain litigation between the Defendants currently pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. (hereinafter referred to as the "Underlying Matter"). The case number of the Underlying Matter is 2011-01535-CA-30 and is pending in that court. A copy of the operative complaint (hereinafter referred to as the "Complaint") in the Underlying Matter is attached as **Exhibit B**.

13.   The Underlying Matter alleges, *inter alia,* that GGM is liable to SAUCEDO by virtue of its failure to prevent a criminal attack by third-parties on GGM's premises.[1]

14.   The Underlying Matter also alleges that GGM owned, managed, controlled and/or operated a bar in Miami, Florida.

15.   A dispute has arisen between the parties as to whether ESSEX owes a duty to defend GGM in the Underlying Matter, as well as whether ESSEX is required to indemnify GGM for any damages, attorneys' fees, litigation expenses and/or defense costs associated with that matter.

16.   Defendants contend that Plaintiff has a duty to defend GGM in the Underlying Matter, and provide indemnity for claimed damages, attorneys' fees, litigation expenses and/or defense costs associated with that matter.

17.   Plaintiff asserts that it has no duty to defend or indemnify GGM for any indemnity or defense associated with the Underlying Matter, due to the unambiguous

---

[1] In the Underlying Matter, SAUCEDDO alleges he was attacked "while leaving" the bar and was beaten "outside the bar". For the purposes of this declaratory relief action, it is presumed that the attack took place on GGM's premises.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 750 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

terms and conditions of the policy issued by ESSEX to GGM, including, but not limited to, the "assault and/or battery" exclusion; the "criminal acts" exclusion; and, the "negligent hiring" exclusion, contained as part of the policy.

18.    As a result of the dispute, ESSEX is in doubt as to its obligations under the provisions of the subject contract of insurance, and is in need of an immediate judicial determination of its rights.

19.    Plaintiff has been required to retain the undersigned law firm for prosecution of this declaratory action, and has agreed to pay reasonable attorneys' fees and costs for these services.

WHEREFORE, Plaintiff ESSEX demands that the court:

a.    Take jurisdiction over this matter and determine and adjudicate the rights and liabilities of the parties with respect the ESSEX policy of insurance;

b.    Find and declare that ESSEX has no duty to defend GGM in the Underlying Matter, and has no duty to indemnify any of the Defendants for any potential judgments; damages; settlement monies; defense costs or attorney fees incurred or to be incurred in that matter;

c.    Enter an order declaring that ESSEX owes no coverage for any claims presented by Defendants as a result of the allegations contained within the Underlying Matter;

d.    Grant ESSEX the costs of this action and such other further relief as this Court deems just and proper under the evidence and circumstances;

e.    Order a speedy hearing of this action and advance it on the calendar.

Case No.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable against the

Defendants.

Dated this _____ day of April, 2011.

> Respectfully submitted,
>
> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Plaintiff Essex
> Tower Place, Suite 750
> 1900 Summit Tower Blvd.
> Orlando, Florida 32810
> E-Mail: robert.swift@csklegal.com
> Telephone: (321) 972-0010
> Facsimile: (321) 972-0099
>
> BY: _____
> ROBERT ALDEN SWIFT
> FBN: 0018518